Filed 12/18/14  P. v. Ochoa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073636 |
| v. | (Super. Ct. No. CRF122348) |
| ANDRES JOSE OCHOA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Andres Jose Ochoa asked this court to review the record to determine whether there are any arguable issue on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

### June 9, 2012 Incident

On June 9, 2012, defendant's girlfriend Gladys Portillo confronted him about phone messages from another woman and told him to move out.  Defendant became enraged and threatened to kick Portillo and destroy items inside their apartment.  When

1

Portillo attempted to leave, defendant grabbed her arm and pushed her by the neck. She stumbled but was able to flee the apartment and call 911. Defendant dropped gym weights from their second story balcony onto her car parked below, smashing or shattering every window except the front passenger window, and scratching her car, causing about $7,000 in damages. While she was still on the 911 call, defendant approached her, grabbed her arm, and slapped her, leaving a red mark on her face that caused a "burning sensation."

An officer arrived and, as he approached the couple, defendant started to walk away but was detained. When defendant was searched, a bottle of pepper spray was found in his pocket. Defendant was put into a patrol car and, as Portillo was being interviewed by an officer, defendant called her a "snitch" and threatened to beat her, while violently shaking and kicking the door of the patrol car.

Defendant had previously threatened to assault Portillo and her family if she called the police. Portillo obtained a temporary restraining order as a result of the June 9 incident.

### Prior Strike

In 2005, when defendant was 16 years of age, he was convicted of robbery. Defendant stole a car that was parked with its engine running. When the owner came out, defendant was in the driver's seat. He hit her with the door and appeared to deliberately drive towards her. The court found the prior strike (Pen. Code, § 667, subds. (b)-(i)[1]) to be true.

_____

[1]     Undesignated statutory references are to the Penal Code.

2

### *Jury Verdict and Sentencing*

A jury convicted defendant of dissuading a witness by force or threat (§ 136.1, subds. (a), (b) & (c)(1); count 1), infliction of corporal injury on a cohabitant (§ 273.5, subd. (a); count 2), vandalism (§ 594, subds. (a), (b)(1); count 3), and convicted felon[2] in possession of tear gas, a misdemeanor (former § 12403.7, subd. (a), now § 22810, subd. (a) (Stats. 2011 ch. 15, § 538); count 4).

After denying defendant's request to strike the prior strike, the court sentenced defendant to state prison to serve an aggregate term of 14 years; that is, eight years on count 2 (upper term of four years, doubled for the prior strike), a consecutive six-year term on count 1 pursuant to section 1170.15 (the midterm of three years, doubled for the prior strike), a concurrent term of two years on count 3, and a concurrent 90-day term on count 4. The court awarded a total of 629 days of presentence custody credit.[3]

Defendant appeals.

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2]　A redacted rap sheet was admitted into evidence reflecting defendant's prior felony conviction in 2010.

[3]　Pursuant to appellate counsel's request, the trial court modified the judgment to provide custody credits and amended the abstract of judgment accordingly.

## DISPOSITION

The judgment is affirmed.


      HOCH    , J.


We concur:


     BLEASE    , Acting P. J.


     MAURO    , J.

4